UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKAYLA NAOMI HODGE, SAMUEL PAUL COLLINS SNEAD III, and DONELL GREGORY CUMMINGS, Plaintiffs, -against- THE CITY OF MOUNT VERNON, CITY OF MOUNT VERNON POLICE DEPARTMENT, MOUNT VERNON POLICE OFFICER CHRISTOPHER CARTWRIGHT, individually and in his official capacity, MOUNT VERNON POLICE OFFICER MARQUIS RANDOLPH, individually and in his official capacity, and MOUNT VERNON POLICE OFFICER JOHN DOES # 1-10 (representing as yet unknown and unidentified members of the Mount Vernon Police Department), individually and in their official capacity, Defendants. | 25-CV-2736 (JLGC)(VR) ~~PROPOSED~~ STIPULATION AND PROTECTIVE ORDER |

**WHEREAS,** Plaintiffs Makayla Naomi Hodge, Samuel Paul Collins Snead III, and Donell Gregory Cummings ("Plaintiffs"), Defendants the City of Mount Vernon, Police Officer Christopher Cartwright and Police Officer Marques Randolph ("Defendants"), (collectively, the "Parties") anticipate that discovery will include information which is sensitive, confidential and/or personal in nature; and in the interest of protecting confidential information while at the same time permitting discovery to proceed without delay occasioned by disputes regarding such information; and

**WHEREAS, the Parties have agreed to protect information subject to this Confidentiality Stipulation and Protective Order; and**

**WHEREAS,** the Parties have agreed that this Confidentiality Stipulation and Protective Order provides for the disclosure of certain information, documents and materials under "Confidential Information" and/or "Confidential - For Attorneys' Eyes Only" provisions, as defined herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between, the undersigned counsel for the Parties as follows:

**Definitions**

1. The signatories of this stipulation agree that the term "Confidential Information" shall mean information that is only to be used for purposes of this litigation. The following is considered "Confidential Information": (i) personnel/disciplinary records of law enforcement officers that include identifying information relating to civilian complainants, witnesses and/or informants or; and (ii) non-public criminal history; (iii) medical or mental health records and/or information; (iv) records restricted or prohibited from disclosure by statute, other than records obtained pursuant to executed authorizations; and (v) other documents and information that may in good faith, during the pendency of this litigation, be designated Confidential Information by the Parties or the Court..

2. The signatories of this stipulation agree that any "Confidential Information" may be additionally designated by the parties as "Confidential – For Attorneys' Eyes Only". The designation "Confidential – For Attorneys' Eyes Only" shall be reserved for highly sensitive information, such as unredacted personal identifying information of witnesses or informants contained in police reports or disciplinary files and sensitive personal information of officers, including but not limited to residential addresses, financial and banking information, social security and other identifying numbers, personal phone numbers, medical information, and information about family members. Any documents designated as "Confidential – For Attorneys' Eyes Only" shall only be viewed by attorneys of record in this litigation for Plaintiffs and Defendants. Such information, documents and/or materials, and the contents therein, shall not be disclosed to or shared with Plaintiffs at any time absent an Order from the Court.

3. Information, documents and/or materials designated as "Confidential Information" and/or "Confidential – For Attorneys' Eyes Only" shall be collectively referred to as "Protected Materials" herein.

4. The term "Personnel Records" shall include, but is not limited to: employment applications, documents produced or procured during the hiring process, performance evaluations, health records, financial records, reports of personnel changes, background checks, sealed criminal records, and educational records.

5. The term "Disciplinary Records" shall include, but is not limited to: disciplinary charges, accusatory instruments, complaints, civilian complaints, underlying investigatory documents, interviews, stipulations, and agreements.

6. The term "Identifying Information" shall include, but is not limited to: names, aliases, dates of birth, home addresses, social security numbers, telephone numbers, email addresses, driver's license identification numbers, vehicle registration numbers, license plate numbers, and other specific information which could reveal the identity of the civilian complainant, or related party.

7. The term "Civilian Complainant" shall mean civilians who have submitted formal Civilian Complaints or Employee Complaints to the Mount Vernon Police Department ("MVPD") on their own behalf or on the behalf of others, and civilians who have submitted complaints or information to the MVPD through other channels, on their own behalf or on the behalf of others.

8. The term "Related Party" shall mean any individual civilian identified or referenced in any civilian complaint or police report, including but not limited to: other witnesses, family members, neighbors, and employers.

**<u>Terms</u>**

9. This Confidentiality Stipulation and Protective Order applies to information, documents, materials, testimony, and things subject to discovery in this proceeding, be it through

depositions, interrogatories, document production, or any other discovery device pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which contain non-public, confidential information designated as Protected Materials.

10. Protected Materials shall be used or disclosed solely in this action, or any appeal therefrom, and in accordance with the provisions of this Stipulation. Protected Materials shall not be used in any other litigation, for any other purpose, or disclosed or made public to any person who is not expressly authorized to review the same under the terms and conditions of this Stipulation, except (i) with consent of the producing party, or (ii) in accordance with an Order of the Court. Limitations of disclosure of Protected Materials apply to both the Parties and their respective counsel.

11. The provisions of this Stipulation shall apply equally to any Protected Materials produced by any party, including but not limited to medical, psychological, or financial records of the Plaintiffs if so designated.

12. Protected Materials may be disclosed to the Court in connection with any filing or proceeding in this action, and filed under seal in accordance with Section 5 of United States District Court Judge Clarke's Individual Rules and Practices in Civil Cases. The Parties hereby agree that any such Protected Materials shall be kept under seal unless and until the Court directs otherwise.

13. Any deposition testimony given in this action, or any portion thereof, relating to Protected Materials shall be included within the terms of this Stipulation and designated as such. If a deposition, or any part thereof, or any exhibits thereto, contains or refers to Protected Materials, the deposition transcripts and exhibits shall be kept on a confidential basis and if filed with the Court, shall be filed in accordance with the terms of this Stipulation.

14. Nothing in this Stipulation shall preclude any party or its representative from discussing with any other person the progress, theories, or legal strategies applicable to this action, as long as the contents of any Protected Materials are not disclosed. Other than by Court Order, Protected Materials may be disclosed only in accordance with this Stipulation.

15. Nothing in this Stipulation shall preclude any party or its representative from challenging the designation of any documents, information, or materials as "Confidential Information" or "Confidential - For Attorneys' Eyes Only". If the non-designating party objects to the designating party's designation of particular documents, information, or materials as Confidential or "Confidential - For Attorneys' Eyes Only", the non-designating party shall so advise the designating party no later than thirty (30) days after the designation, after which any right to object to the designation shall be deemed waived. If the Parties cannot concur regarding whether a document should or should not be marked "Confidential Information" or "Confidential - For Attorneys' Eyes Only", then any party may move the Court for an Order lifting such designation, pursuant to Section 4(k) of United States District Court Judge Clarke's Individual Rules and Practices in Civil Cases. Documents designated as "Confidential Information" or "Confidential- For Attorneys' Eyes Only" shall continue to be treated as such until a contrary determination is made by written agreement of Counsel or by Order of the Court.

16. Nothing in this Stipulation and Order constitutes an admission or agreement that any documents, materials and/or information are subject to discovery or admissible as evidence in this case.

17. Documents obtained (a) pursuant to the New York Freedom of Information Law ("FOIL") or the Federal Freedom of Information Act ("FOIA"), or (b) which are otherwise publicly available shall not be entitled to protection under this stipulation.

18. Counsel for the receiving party shall notify counsel for the producing party in writing within five (5) business days after becoming aware of any loss, theft, or unauthorized copying or disclosure of Protected Materials, and shall take all steps reasonably necessary and available to retrieve such Protected Materials and prevent any further unauthorized access or dissemination. In the event of a breach, the breaching party shall be liable for reasonable attorneys' fees and costs incurred by the producing party in enforcing this Stipulation.

19. Within sixty (60) calendar days of the termination of this action by dismissal, settlement or by judgment and the expiration of any and all appeals, all Parties shall return to counsel for the producing party all Protected Materials received from such party including all copies, prints, summaries, and reproductions of such information, in the possession of the Parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of any such Protected Materials, Parties may certify to counsel for the producing party that they have shredded or destroyed all unreturned Protected Materials. Notwithstanding the foregoing, counsel for each party may retain pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Protected Materials so long as they continue to maintain such Protected Materials under the terms of this Stipulation and Order.

20. This Stipulation and Order and the agreements embodied herein shall survive the termination of this action and shall continue in full force and effect.

21. This Stipulation and Order does not preclude any Party from moving to have any other information or material designated as protected in accordance with the rules of the Court.

22. This Stipulation and Order is entered into without prejudice to the right of any Party to seek additional protections if it believes the protections of this Order are not appliable or are inadequate. Nothing herein precludes any producing Party from seeking such different or additional protection.

23. This Stipulation and Order shall be fully binding on and enforceable against the Parties hereto and their undersigned counsel, as well as any successor counsel appearing in this litigation.

| | |
|---|---|
| Pablo A. Fernandez<br>Horn Wright, LLP<br>*Attorneys for Plaintiffs*<br>400 Garden City Plaza Suite 500<br>Garden City, NY 11530<br>516-355-9696<br>paf@hornwright.com<br><br>By: ______________________<br>Pablo A. Fernandez, Esq.<br><br>Dated: Garden City, New York<br>July 13 __________, 2026 | Marykate Quinn Esq.<br>The Quinn Law Firm, PLLC<br>*Attorneys for Defendants*<br>399 Knollwood Road, Suite 220<br>White Plains, New York 10603<br>(914) 997-0555<br>mquinn@quinnlawny.com<br><br>By: ______________________<br>Marykate Quinn, Esq.<br><br>Dated: White Plains, New York<br>July 15 __________, 2026 |

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: July 20, 2026
White Plains, New York